UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN W., | |
| Plaintiff, | |
| | Case No. 22-11780 |
| v. | Honorable Shalina D. Kumar |
| | Magistrate Judge Anthony P. Patti |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**OPINION AND ORDER SUSTAINING PLAINTIFF'S OBJECTION (ECF NO. 23); REJECTING REPORT AND RECOMMENDATION (ECF NO. 22); GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 17); DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 19); AND REMANDING CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

## I.    Introduction

Plaintiff Kevin W. appeals the final decision of defendant Commissioner of Social Security (the Commissioner), which denied his application for supplemental security income under the Social Security Act. ECF No. 1. Under 28 U.S.C. § 636(b), the Court referred all pretrial matters in the case to the magistrate judge. ECF No. 3; Text-Only Order of March 13, 2023, reassigning magistrate judge. Both parties filed motions for summary judgment. ECF Nos. 17, 19.

On August 11, 2023, the magistrate judge issued a Report and Recommendation (R&R). ECF No. 22. The R&R recommends that plaintiff's motion be denied; the Commissioner's motion be granted; and the Commissioner's decision be affirmed under sentence four of 42 U.S.C. § 405(g). *Id.* Plaintiff timely filed an objection to the R&R, and the Commissioner filed a response. ECF Nos. 23, 24. The Court held a hearing on the objection to the R&R and this matter is ripe for decision. ECF No. 29.

## II.   Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III.   Analysis

Plaintiff's objection asserts that the magistrate judge erred by concluding that the administrative law judge (ALJ) properly rejected the treating physician's opinions. ECF No. 23, PageID.778. That objection encompasses plaintiff's continued assertion that the ALJ's decision did not properly account for plaintiff's pulmonary condition. *Id.* Although the ALJ determined that plaintiff must avoid concentrated exposure to fumes, dust, humidity, and pulmonary irritants as part of the residual functional capacity (RFC), she accepted the vocational expert (VE)'s testimony that the chemicals used by hair stylists would not preclude plaintiff from resuming work as a hair stylist because these chemicals have been used for decades and are not considered hazardous. ECF No. 13, PageID.71, 114. But the ALJ did not address the vocational analysis that plaintiff submitted and the ALJ accepted as an exhibit. That analysis concluded that the RFC's limitation to avoid concentrated exposure to pulmonary irritants such as fumes, odors, and gases precludes past work as a hair stylist. ECF No. 13, PageID.363.

Under 42 U.S.C. § 405(g), the Court's review is limited to determining whether the ALJ's decision is supported by substantial evidence and was made in conformity with proper legal standards. *See Gentry v. Comm'r of*

*Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

An ALJ's reliance on VE testimony must satisfy the substantial evidence standard. *Mattox v. Saul*, 2020 WL 6047173, at *3 (W.D. Pa. Oct. 13, 2020) (citing *Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019)). An ALJ may sometimes rely on a VE solely based on his knowledge and expertise; but where the plaintiff challenges the reliability of the VE's testimony or supplies contrary evidence to it, the ALJ must develop the record and provide a sufficient bridge from the record to the decision so that a reviewing court can determine whether the reliance on the VE's testimony was supported by substantial evidence. *Springer v. Comm'r of Soc. Sec.,* 451 F. Supp. 3d 744, 768 (E.D. Mich. 2020); *see also Ensley v. Comm'r of Soc. Sec.*, 2022 WL 5287798, at *11 (E.D. Tenn. Aug. 10, 2022). "Failure to do so is cause for remand*." Springer,* 451 F. Supp. 3d at 768.

Considering the plaintiff's RFC limitation to avoid exposure to pulmonary irritants, and the opinion of plaintiff's vocational expert that the chemicals used by hair stylists would preclude plaintiff from returning to that work, the ALJ's acceptance of the VE testimony to the contrary, without explanation or discussion, does not permit this Court to meaningfully review whether the ALJ's reliance on the VE was supported by substantial evidence. Accordingly, the Court concludes this case must be remanded for rehearing. At the rehearing, if the VE concludes that the chemicals used by hair stylists would not preclude plaintiff from returning to that work, the VE shall explain the basis for that conclusion and how his or her experience informs that opinion. And if the ALJ accepts the VE's conclusions, the ALJ shall allow for meaningful judicial review by explaining her reasons for accepting the VE's conclusions and finding them reliable, including the reasons for accepting them over any contrary evidence or conclusions.

## IV.    Conclusion

For the reason above, plaintiff's objection to the R&R (ECF No. 23) is **SUSTAINED**. The Court **REJECTS** the R&R (ECF No. 22), **GRANTS** plaintiff's motion for summary judgment (ECF No. 17), and **DENIES** the Commissioner's motion for summary judgment (ECF No. 19). Judgment

shall issue in favor of plaintiff and against the Commissioner, **REVERSING**

the Commissioner's decision that plaintiff is not disabled and **REMANDING**

this case to the Commissioner under 42 U.S.C. § 405(g) for further

proceedings consistent with this opinion.

<u>s/ Shalina D. Kumar</u>
SHALINA D. KUMAR
Dated: November 22, 2023                     United States District Judge